923 F.2d 365
 LEAGUE OF UNITED LATIN AMERICAN CITIZENS COUNCIL NO. 4434,
Plaintiffs-Appellees,
and
Jesse Oliver, et al., Intervening Plaintiffs-Appellees,
v.
William P. CLEMENTS, etc., et al., Defendants.
Jim MATTOX, et al., Defendants-Appellees, Appellants,
v.
Judge F. Harold ENTZ, etc., Judge Sharolyn Wood, etc., and
George S. Bayoud, Jr., etc., Defendants-Appellants,
and
Tom Rickhoff, Susan D. Reed, John J. Specia, Jr., Sid L.
Harle, Sharon Macrae and Michael P. Pedan, Bexar
County, Texas State District Judges, Appellants.
 No. 90-8014.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 29, 1991.
 
 Robert G. Pugh, Robert G. Pugh, Jr., Shreveport, La., Kenneth C. DeJean, Asst. Atty. Gen., La. Dept. of Justice, for amicus Roemer, et al.
 Cynthia Rougeou, Legal Div., Office of Sec. of State, Baton Rouge, La., for La. Secretary of State.
 Michael Rubin, Rubin, Curry, Colvin & Joseph, Baton Rouge, La., for La. D. Judges Assoc.
 Susan E. Russ, David R. Boyd, Sp. Asst. Attys. Gen., Montgomery, Ala., Fournier J. Gale, III, Maynard, Cooper, Frierson & Gale, P.C., N. Birmingham, Ala., for amicus State of Ala.
 Barbara R. Arnwine, Frank R. Parker, Robert B. McDuff, Washington, D.C., Ernest L. Johnson, T. Richardson Bobb, Baton Rouge, La., Ulysses G. Thibodeaux, Lake Charles, La., for Janice Clark, et al.
 Robert H. Mow, Jr., Bobby M. Ruberts, David C. Godbey, Jr., Hughes & Luce, Sidney Powell, Strasburger & Price, Dallas, Tex., for Entz.
 J. Eugene Clements, Evelyn V. Keyes, Porter & Clements, Houston, Tex., for Wood.
 Seagal V. Wheatley, Donald R. Philbin, Jr., Gerald H. Goldstein, Goldstein, Goldstein & Hilley, Joel H. Pullen, Kaufman, Becker, Pullen & Reibach, San Antonio, Tex., for Rickhoff, et al.
 R. James George, Jr., John M. Harmon, Margaret H. Taylor, Graves, Dougherty, Hearon & Moody, Austin, Tex., for Chapman, Stovall, Schraub, Cornyn, Hester, Paxson, Kirk & Walker.
 Michael E. Tigar, Austin, Tex., for Bexar County, etc., et al.
 Michael Ramsey, Ramsey & Tyson, Houston, Tex., for amicus 27 Incumbent Judges of Harris County on behalf of appellant Wood.
 Daniel M. Ogden, Paul Strohl, Washington Legal Foundation, Washington, D.C., for amicus curiae, Washington Legal Foundation, In Support of defendant-intervenor Dallas County Judge F. Harold Entz.
 Thomas F. Rugg, Chief, County Dist. Attys. Office, Beaumont, Tex., for amicus curiae, Jefferson County Dist. Judges (Except Floyd, etc.).
 Ken Oden, Travis County Atty., David R. Richards, Sp. Counsel, Austin, Tex., Mark H. Dettman, Midland, Tex., for District Judges of Travis County.
 Rolando L. Rios, William L. Garrett, Garrett, Thompson & Chang, Dallas, Tex., Susan Finkelstein, San Antonio, Tex., for League of United Latin Am. Citizens and Christina Moreno.
 Walter L. Irvin, Dallas, Tex., for amicus Brashear, et al. on Behalf of appellees.
 Gabriell K. McDonald, Matthews & Branscomb, Austin, Tex., for Legislative Black Caucus and Houston Lawyers Ass'n.
 Renea Hicks, Sp. Asst. Atty. Gen., Javier Guajardo, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for Mattox, et al., & Bayoud (in His Official Capacity only).
 Sherrilyn A. Ifill, NAACP Legal Defense and Ed. Fund, Inc., New York City, for Houston Lawyers Ass'n.
 Edward B. Cloutman, III, Cloutman, Albright & Bower, E. Brice Cunningham, Dallas, Tex., for Jessee Oliver, et al.
 Appeals From the United States District Court for the Western District of Texas.
 Before CLARK, Chief Judge, GEE, POLITZ, KING, JOHNSON, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHE, WIENER, and BARKSDALE, Circuit Judges.*
 GEE, Circuit Judge:
 
 
 1
 We are asked by hindsight to treat as a plaintiff state District Judge Sharolyn Wood, who originally intervened on the side of the named state defendant in a challenge to Texas's method of electing such judges as she and, with the underlying case decided in Texas's favor, to assess her attorney fees against Texas. We conclude that Judge Wood participated in the litigation as a defendant in all respects and cannot recover her expenses from another prevailing defendant.
 
 
 2
 Suing Texas through its officials, LULAC and certain individuals claimed that the election of Texas district judges diluted the votes of blacks and Hispanics, thus violating the Fourteenth and Fifteenth Amendments to the U.S. Constitution, the Civil Rights Act of 1964, 42 U.S.C. Sec. 1983, and section two of the Voting Rights Act, 42 U.S.C. Sec. 1973. Asserting interests both as a Texas voter and as a sitting Texas district judge, Judge Sharolyn Wood moved to intervene on the side of the defendant--the state. The court allowed her to intervene in her personal capacity, permitting Dallas County District Judge Harold Entz to do so as well. The court later held that the state's county-wide district election system, although constitutional, diluted the votes of minorities in all challenged counties and thus violated Sec. 2(b) of the Voting Rights Act.
 
 
 3
 Judge Wood filed and was granted an interlocutory appeal from this order and a stay of the district court's adopted interim plan. Texas also appealed the order. On appeal, a panel of our court reversed on reasoning which avoided prior controlling precedent. 902 F.2d 293. We later overruled the precedent in question and, sitting en banc, reversed on different reasoning. 914 F.2d 620. Judge Wood now asks us to award to her reasonable attorneys' fees against Texas pursuant to the Civil Rights Act's and the Voting Rights Act's fee shifting provisions for prevailing parties. 42 U.S.C. Sec. 1988; 42 U.S.C. Sec. 1973l (e).[1]
 
 
 4
 Interpreting these provisions, the Supreme Court probed the underlying purpose of the statutes--vindicating civil rights--and distinguished between prevailing plaintiffs and prevailing defendants. The Court viewed plaintiffs, unlike defendants, as "private attorneys general" prosecuting a policy accorded the highest priority by Congress. The Court held that the fee-shifting provisions required fee awards to prevailing plaintiffs absent special circumstances, the expense thus falling upon the adjudicated violator of civil rights. Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 109 S.Ct. 2732, 2736, 105 L.Ed.2d 639 (1989) (limits on recovery from losing defendant-intervenors); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417-21, 98 S.Ct. 694, 698-700, 54 L.Ed.2d 648. Prevailing defendants, on the other hand, may recover fees only if the plaintiff's cause of action is frivolous, unreasonable, or without foundation. Id.
 
 
 5
 The latter standard applies to Judge Wood, who positioned herself as a defendant by intervening on the side of the named defendant, Texas. We must decline Judge Wood's invitation to delve deeper, to distinguish defendant-intervenors from defendants, and to accord her, as an intervenor, special treatment.
 
 
 6
 While equity considerations, particularly the difference between named defendants as violators of federal law and defendant-intervenors as merely interested persons asserting other rights, caused the Supreme Court to limit an intervenor's liability regarding a prevailing party's attorney fees, the Court has never held or so much as insinuated that such considerations extend to imposing a prevailing intervenor's expenses upon a prevailing named defendant. Zipes 109 S.Ct. at 2736.
 
 
 7
 Even assuming that there may be a factual setting in which equity could persuade us to look beyond the procedural posture of a case to a party's actual role, this is not such a case; nor would such an exercise alter Judge Wood's position.[2] Given the Supreme Court's apparent rationale for applying different standards to plaintiffs and defendants, any such reclassification of a party's role must hinge upon whether the parties in question acted as private attorneys general within the scope of the statutes under which Congress provided fee entitlement. Cf. Alabama Power Co. v. Gorsuch, 672 F.2d 1 (D.C.Cir.1982) (denying intervenor on the side of the Environmental Protection Agency (EPA) any assessment of their attorney fees against the EPA after the EPA and intervenor prevailed.) Judge Wood participated in all ways as one defending against a civil rights claim and not as one seeking to establish and rectify a violation of civil rights.[3]
 
 
 8
 If the losing plaintiff's action were frivolous, unreasonable, or without foundation, and if Judge Wood qualified as a prevailing party aligned with the defendant, she might be entitled to a fee award against the losing plaintiff. We need not determine if Judge Wood otherwise qualified: She asks us to assess her fees, not against a losing party, but rather against the prevailing, named defendant. She insists the Texas attorney general could not have won the case without her and that he did not adequately defend her interests or properly perform his official duties. Even assuming that Judge Wood is factually correct, Texas and not Congress charges Texas's Attorney General with the duties which Judge Wood maintains that he failed to perform; her complaints do not fall under the Civil Rights Act or the Voting Rights Act; and she cannot use their fee-shifting provisions to recover against Texas for his asserted inadequacy. See Donnell v. United States, 682 F.2d 240 (D.C.Cir.1982). She being one who occupied the position of a defendant by reason of her intervention, Judge Wood's right to recover attorneys' fees under these provisions cannot rise above what it would have been had she originally been joined as such a defendant.
 
 
 9
 Accordingly, we must deny Judge Wood's requests for attorney fees.
 
 
 10
 DENIED.
 
 
 
 *
 Judges Williams and Garwood took no part in the Court's deliberations or decision of this appeal. When this case was orally argued before and considered by the court, Judge Reavley was in regular active service. He participated in both the oral argument and the en banc conference
 In United States v. American-Foreign Steamship Co., 363 U.S. 685, 80 S.Ct. 1336, 4 L.Ed.2d 1491 (1960), the Supreme Court, interpreting 28 U.S.C. Sec. 371(b), decided which senior judges are eligible to participate in an en banc court. Compare United States v. Cocke, 399 F.2d 433, 435 n. 4 (5th Cir.1968) (en banc). As Judge Reavley reads the American-Foreign Steamship Co. opinion, he considers himself ineligible now to participate in the decision of this case, and he has not therefore done so.
 
 
 [1]
 As a preliminary matter, Texas now attacks Judge Wood's standing to intervene in the first place. We find she had standing as a sitting elected judge. See L.U.L.A.C. v. Clements, 884 F.2d 185, 188 (5th Cir.1989); Williams v. State Board of Elections, 696 F.Supp. 1563, 1570-72 (N.D.Ill.1988)
 
 
 [2]
 For example, in section 5 declaratory judgment actions under the Voting Rights Act, the parties positioned as "defendants" may actually be the parties charging civil rights violations and seeking to assert their civil rights. See, e.g. Donnell v. United States, 682 F.2d 240 (D.C.Cir.1982) (County Board of Supervisors sought declaratory judgment of its redistricting plan's non-discriminatory purpose/effect after the United States Attorney General failed to approve its redistricting plan, and black voters intervened on the side of the United States). In Donnell, the court disregarded the case's procedural posture, classified the prevailing intervenors according to their actual role, and remanded with instructions to consider the following factors when determining whether to shift the intervenor's reasonable attorney fees to the losing party:
 (1) whether the attorney general did not adequately represent the intervenor's interest;
 (2) whether the intervenors proposed different theories and arguments for the court's consideration, and
 (3) whether the work the intervenor performed was of important value to the court.
 Id. We too have annunciated these factors in a different context. Posada v. Lamb County, Tex., 716 F.2d 1066, 1074-75 and n. 13 (5th Cir.1983) (whether to award fees due to pre-litigation efforts at approval proceeding before state attorney general).
 
 
 [3]
 Judge Wood asserts that her opposition to the proposed interim plans, labeled by her as "patently unconstitutional," effectively cast her in the posture of a plaintiff because she could have elected to attack the plans collaterally rather than move for an injunction and appellate review of the district court's opinion. We do not address the issue; she intervened prior to this stage, and always as one disputing claimed civil rights violations, not as one asserting such violations